IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Eric Saffold, AIS# 241510, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Case No. _____ |
| | * | 1:07CV598-MHT |
| J.C. Giles, Warden, | * | |
| | * | |
| Respondent. | * | |

### BRIEF AND ARGUMENT
### IN SUPPORT OF
### PETITION FOR WRIT OF HABEAS CORPUS
### UNDER 28 U.S.C. §2254

Comes now the Petitioner, Eric Saffold, AIS #241510, acting pro se, and respectfully submits this separate memorandum in the form of a Brief and Argument in support of his petition for a Writ of Habeas Corpus under 28 U.S.C. §2254. Petitioner asks for this Court's indulgence and that this Honorable Court accept this filing as a separate memorandum to the Petition.

### JURISDICTION

This Honorable Court has the jurisdiction to consider this Petition due to the fact that the Petitioner has exhausted all the remedies available to him in the State courts. 28 U.S.C. §2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) The applicant has exhausted the remedies available in the courts of the State; ...

Furthermore, 28 U.S.C. §2254 provides this Court with the jurisdiction under Section (d)(2), which states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Further, 28 U.S.C. §2254(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;...

The Petitioner in this case filed for a Writ of Certiorari to the Alabama Supreme Court on 29 June, 2006. Therefore, his 1 year time frame is good up to and including June 29, 2007.

### ARGUMENT

The State failed to prove there was <u>any</u> intent on the part of this Petitioner to rob the alleged victim, Phillip Jerome Gradic. Alabama case law is replete with court decisions that state unequivocally that "intent" must be proven in order to convict a person of the crime of robbery.

"Robbery in the first degree requires proof that a person, in the course of committing a theft, threatens the imminent use of force with <u>intent</u> to compel acquiescence to the taking of that property, and while doing so is armed with a deadly weapon or a dangerous instrument or has something in his possession that the victim could reasonably believe is a deadly weapon or dangerous instrument, or make any representation that he is armed." Quoting Section 13A-8-41, **Code of Alabama**, 1975.

Black's Law Dictionary defines the word "imminent" as "near at hand; ... impending; ... on the point of happening; ... Something which is threatening to happen at once, something close at hand."

In the case at hand, the State failed to show that any crime was "imminent" and did not present enough evidence from which the jury could infer that the Petitioner threatened the "imminent" use of force against the alleged victim. At no time was a verbal threat made; no conversation occurred or was exchanged between the Petitioner and the victim prior to the victim pulling a gun out and pointing it at the Petitioner, nor was the Petitioner visibly armed. No weapon was ever shown or brandished prior to the alleged victim pulling out his pistol. In fact, the only words exchanged at all were when the Petitioner actually told the alleged victim he was not going to rob them. The victim's own testimony at trial actually bolstered this contention that no robbery was "imminent."

"Specific intent is a slippery concept that eludes a precise, universal definition. If nothing else, however, the label 'specific intent' connotes some kind or degree of criminal mens rea over and above the requirement that the defendant knowingly and voluntarily perform some proscribed act." **United States v. Phillips**, 19 F. 3d 1565, 1577-78 (11th Cir. 1994).

Therefore, under the <u>intent</u> criteria espoused in §13A-8-41, **Code of Alabama**, 1975, no robbery occurred. As shown in Petitioner's request for a Writ of Certiorari to the Alabama Supreme Court, in the dissenting opinion of Judge Baschab, the correct application of law was not applied:

> "To sustain a conviction for first-degree robbery pursuant to §§<u>13A-8-41</u> (a) (1) and <u>13A-8-43</u> (a) (2), Ala. Code 1975, the State must establish that the defendant was armed and threatened to use force <u>in the course of committing a theft</u>. In this case, the State did not present any evidence that the appellant performed any actions that would constitute a theft or an attempted theft. In fact, both Gradic and Guerra specifically state that the appellant did not say anything to them;

(3)

that the appellant did not use or threaten to use force against them; and that they did not see the rifle until after law enforcement officers arrived. Also, the appellant specifically told Gradic and Guerra he was not going to rob them. The majority relies on the appellant's suspicious actions and his admission to officers that he intended to use the rifle to scare the employees so they would give him money to affirm the conviction. However, many conclusions as to intent – both criminal and noncriminal – could be drawn based on the appellant's suspicious behavior. Accordingly, because the State did not establish that the appellant was armed and threatened to use force in the course of committing a theft. I must respectfully dissent."
See **Saffold v. State**, 2006 Ala. Crim. App. LEXIS 56.

## CONCLUSION

Petitioner alleges that the Trial Court violated his Fourteenth Amendment right to due process because the evidence submitted at trial, and the victim's own testimony, were insufficient to convict him of robbery first degree. To satisfy the constitutional requirement of due process in a criminal trial, the State must prove every fact that constitutes an essential element of the crime charged against the defendant. It is contrary to the law and principles of justice that this conviction should stand. To allow a man to be convicted without taking any step towards committing the crime for which he stands convicted is a manifest injustice. To allow a man to be convicted merely for standing around sets a dangerous precedent. The Trial Court's conclusion that the evidence was sufficient to convict the Petitioner of robbery first degree was contrary to, and an unreasonable application of the law, and simply cannot be left standing.

Respectfully submitted this 21st day of June, 2007.

Eric Saffold, Petitioner, pro se
AIS #241510, Dorm D1
Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36016-0767

(4)