IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2007 AUG 13  A 9: 35

~~DEBRA P. HACKETT, CLK~~
~~U.S. DISTRICT COURT~~
~~MIDDLE DISTRICT ALA~~

ERIC SAFFOLD, AIS #241510,        *
                                  *
     PETITIONER,                  *
                                  *
V.                                *        NO:   1:07-CV-598-MHT
                                  *
J.C. GILES, et al.,               *
                                  *
     RESPONDENTS.                 *
                                  *

PETITIONER'S RESPONSE TO RESPONDENT'S ANSWER

     Comes now the Petitioner, Eric Saffold, in the above styled cause,
pro se, and files this Response to the Respondent's Answer, which was
filed on the 20th day of July, 2007.

     The basic premise Petitioner is making in this habeas petition is
that he is serving an illegal sentence due to the fact that there was
no robbery committed.  This case should never have gone to trial or to
a jury because the basic element for a robbery was missing:  namely,
there was no act on Petitioner's part done towards committing the crime
of robberty first degree.

     Section 2254(d), which creates a highly deferential standard for
federal court review of State court adjudications, states in pertinent part:

        An application for a writ of habeas corpus on behalf of a person
        in custody pursuant to the judgement of a State court shall not
        be granted with respect to any claim that was adjudicated on the
        merits in State court proceedings unless the adjudication of the
        claim --

        (1)  resulted in a decision that was contrary to, or involved
             an unreasonable application of, clearly established
             Federal law, as determined by the Supreme Court of the United
             States, or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

In **Williams v. Taylor**, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), the Supreme Court interpreted this deferential standard:

In sum, §2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under §2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the State court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an un-reasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the State court arrives at a conclusion opposite to that reached by this Court on a question of law or if the State court decides a case differently than this Court has on a set of materially indistinguishable facts. **Couran v. Crosby**, 2006 U.S. Dist. LEXIS 73005.

The **Code of Alabama**, 1975, at Section 13A-8-41 states:

(a)    A person commits the crime of robbery in the first degree if he violates Section 13A-8-43...

Section 13A-8-43 states:

(a)    A person commits the crime of robbery in the first degree if in the course of committing a theft:

(1)    Uses force against the person  of the owner or any person present with intent to overcome his physical resistance or physical power of resistance;  or

(2) Threatens the imminent use of force against the person of the owner or any person with intent to compel acquiscence to the taking or escaping with the property.

These are the **necessary** elements that must be present for a robbery to occur. Without these elements, no robbery has occurred and therefore, you cannot be charged, much less convicted, of a robbery. None of the above stated elements were present in this case. The victim's own testimony does not establish that a robbery occurred.

As such, Petitioner has shown, not only to this Court, but to all courts in which this issue has been addressed, that the trial court's decision to bring this case to a jury was an illegal and unreasonable application of the robbery statute. As such, this is a blatant violation of and contrary to, established federal law, as stated in the case of **Henderson v. Campbell**, 353 F. 3d 880.

"Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court, at the time the state court issues its decision. **Lockyer v. Andrade**, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of §2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the State court confronts a set of facts that are materially indistiguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. **Esparaza**, 540 U.S. at 17.

A petitioner has the burden of overcoming all state court factual determinations by clear and convincing evidence. 28 U.S.C. §22549e)(1). The "unreasonable" application inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. **Lockyer v. Andrade**, 538 U.S. at 75-77.

Petitioner has met his burden of proof on every level. It is an unreasonable application of federal law to try and convict a person of robbery when the victim's own testimony is contrary to the state statute of which you are convicted. The victim's testimony was that he (victim) pulled his gun on the Petitioner **before** he (Petitioner) made any move to commit a theft. There was no use of force, no overcoming of physical resistance, no threats to use force by this Petitioner. No move was made to confront the alleged victim not to even speak to him until the alleged victim initiated the contact by pulling a pistol on the Petitioner for no other reason than that the victim had been robbed previously and the Petitioner was standing outside the business. It sets a dangerous precedent in the law when a man is convicted for nothing more that standing in the wrong place at the wrong time.

This is an alleged victim that was paranoid due to a previous robbery months before this incident in which the Petitioner had no part. This was an alleged victim who was armed armed with a pistol. This was an alleged victim that pulled that pistol on the Petitioner simply because Petitioner was "hanging around" where the alleged victim was working. The alleged victim's perception was based on a previous robbery incident but it is a far cry to convict a man for nothing more than standing around because of the victim's prior experience.

Therefore it is a blatant violation of federal law for this Petitioner to even be charged with a robbery when no action was taken by him to facilitate a theft or a robbery. It is a violation when viewed in any light and under any circumstances.

A habeas petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual prejudice resulting from the default to establish cause for the procedural default.

The first reason why the State's decision was unreasonable basically focuses on what transpired at the time on the night of September 26, 2004. The indictment says "posession then and there of an article used or fashioned in a manner to lead the alleged victims, Gradic or Guerra, to believe it to be a deadly weapon or dangerous instrument. The reason why the State's decision was unreasonable is a statement from Guerra and Gradic at the time of the incident that Petitioner never brandished or fashioned in a manner that lead either of them to believe that he had a weapon or dangerous instrument.

As far as verbal representation goes, Petitioner said he was running from somebody that was watching him from somebody that was watching him from around the corner. Not that there was people there to help him rob anyone. The reason that Petitioner stated to Gradic that he saw that he had his gun and that he was not going to rob anyone was because the incident that happened six months earlier. Gradic said to Petitioner "you trying to rob me? I got a gun in my hand I will shoot one of you mo-----f-----rs; I'll do it again!" That is when the Petitioner stated I see you have a gun. I'm not trying to rob anyone I'm running from somebody that is watching me.

-5-

Over all, Petitioner was not armed.  This was proven when the alleged victims, Gradic and Guerra, both testified that they never saw the Petitioner's weapon.  Therefore, Petitioner never made any threats of violence or used imminent force.

Kent v. State, 504 So. 2d 373 (Ala. Crim. App. 1987) states:

"The proper inquiry is how the victim reacted to and perceived the threat.  Presence of gun **used** during robbery was undisputed at trial and therefore only reasonable conclusion from evidence was that defendant was guilty of robbery in first degree or no crime at all; accordingly defendant was not entitled to jury instruction on lesser included offense of robbery in second degree.  The fact of the matter in this case is the testimony of that victim was that defendant exhibited a plastic box and revealed it's contents, a silvery pistol to victim while ordering her to give him the money in her cash register was sufficient to make out prima facie case of first degree robbery including requisite element of force.

In the course of committing a theft embraces acts which occur in an attempt to commit or the commission of theft, or a person is guilty of an attempt to commit a crime it with the intent to commit a specific offense.  He does any overt act towards the commission of such offense.

A person commits the crime of robbery first degree if he violates Section 13A-8-43.  This means when a person actually uses force against the person of robbery in the third degree if in the course of committing theft (1) uses force against the person of the owner or any person present. The alleged victims, Gradic and Guerra, with intent to overcome their physical resistance or physical power at resistance.  Therefore, Petitioner would have had to have made physical contact with either Gradic or Guerra.

-6-

(2) Gradic and Guerra both stated that they never saw a weapon from Saffold until the police arrived. As a matter of fact, Saffold told them that he was not armed therefore, they could never have perceived any threat. There also was no verbal threat therefore, there could have been no imminent force or the thought that any harm or imminent use of force against Gradic and Guerra. As far as intent goes, the State all they have is the statement from the Petitioner that he was there to scare the employees of the Dairy Queen by showing the rifle to scare employees to give him the money.

Petitioner suffers from serious mental defect which triggers him to do abnormal things at the time that people are watching him. This could have been proven if the proper motions to be filed to have the Petitioner mentally evaluated, which would have had a different result at trial. Because Petitioner plead not guilty by reason of mental disease or defect. Petitioner's counsel had 14 days to file the proper motion to have Petitioner evaluated but failed to.

Petitioner also has a learning disability that makes him unable to fully understand the right he had as far as the waiver of rights form says "You have the right to a lawyer." The Petitioner had a misconception of what a lawyer meant. He did not know that a lawyer and an attorney was the same person. Therefore, the statement that was given was involuntary under the misunderstanding that the Petitioner did not know that a lawyer and attorney was the same. Also, Petitioner was under the influence of drugs and that made the situation no better.

Given the foregoing, Petitioner has shown, as he did in State court, that the State court's application of the robbery statute to a circumstance where no robbery occurred is an unreasonable application of existing state and federal law. It is a miscarriage of justice for this Petitioner to be serving a 25 year sentence when the alleged victim's own testimony establishes that the fact is no robbery occurred.

**WHEREFORE**, Petitioner respectfully prays this Honorable Court will correct this manifest injustice by granting Petitioner's requested relief in the form of the issuance of a Writ of Habeas Corpus.

Respectfully submitted on this 9th day of August, 2007.

_____
Eric Saffold, Petitioner
AIS #241510, Dorm D1
Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36016-0767

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Response on the Office of the Attorney General of Alabama, Audrey Jordan, by placing a copy of the same in the U.S. Mail postage prepaid and properly addressed on this 9th day of August, 2007.

Audrey Jordan
Office of the Attorney General
Alabama State House
11 South Union St.
Montgomery, AL 36130-0152

_____
Eric Saffold, Petitioner

-8-



MONTGOMERY AL 361

10 AUG 2007 PM 1 T

NAME Eric Saffold
AIS # 241510    DORM # D1
VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
Clayton, AL 36016

Clerk's Office District Court
United States District of Alabama
Middle District
P.O. Box 711
Montgomery, AL   36101-0711

36101+0711

"This correspondence is forwarded from
an Alabama State Prison. The contents have
not been evaluated, and the Alabama Department
of Corrections is not responsible for the substance
or content of the enclosed communication."