IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
ERIC SAFFOLD, AIS #241410,  )
                            )
     Petitioner,            )
                            )    CIVIL ACTION NO.
     v.                     )      1:07cv598-MHT
                            )           (WO)
J. C. GILES, Warden,        )
et al.,                     )
                            )
     Respondents.           )
```

OPINION AND ORDER

This cause is before the court on petitioner Eric Saffold's motion to treat the appellate brief he filed in this court as a notice of appeal. For the reasons that follow, the motion will be granted.

I.  BACKGROUND

Saffold filed a pro se petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254, challenging a conviction in an Alabama court. The petition was assigned to a magistrate judge who subsequently filed a report recommending that the petition be denied and the case be dismissed. On March

26, 2010, following an independent and de novo review of the file in this case, this court adopted the recommendation and denied Saffold's habeas petition; a final judgment denying the petition was entered on the same date.

Twenty-five days later, on April 21, Saffold filed a brief titled "Appellant's Brief and Arguments In Support of the Denial of Appellant's Petition for Writ of Habeas Corpus."  Appellant's Br. at 1 (Doc. No. 15).*  While in all earlier filings Saffold identified himself as "petitioner," the heading of the brief names "Eric Saffold" as the "Appellant" and "J. C. Giles, Warden, and

---

\*     Saffold is a state inmate currently confined at the Staton Correctional Facility.  Any document filed by a pro se inmate is deemed filed the date the document is delivered to prison officials for mailing.  Fed. R. App. P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.").  The brief filed by Saffold indicates that he submitted the document for mailing on April 21, 2010.  See Appellant's Br. at 44.  Thus, the court considers April 21, 2010, as the date the brief was filed.

the Attorney General for the State of Alabama" are identified as the "Respondents." Id.  The heading also indicates that the brief was filed in the United States District Court for the Middle District of Alabama.  The opening paragraph of the brief states that, "Saffold ... respectfully submits his Appellant brief with arguments in support of his petition for writ of habeas corpus ... which was denied March 26, 2010."  Id.; see also id. at 5 (stating that the "Appellant filed a petition for writ of habeas corpus ... which resulted in being denied ... on March 26, 2010, Case No. 1:07-CV-598-MHT.").

Nineteen days after filing his appellate brief, Saffold filed the instant motion to treat the brief as a notice of appeal.

## II.  DISCUSSION

Rule 3(a)(1) of the Federal Rules of Appellate Procedure states that, "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district

clerk within the time frame allowed by Rule 4." Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, in turn, requires that a notice of appeal in a civil case "be filed with the district clerk within 30 days after the judgment or order appealed from is entered." "This 30-day time limit is 'mandatory and jurisdictional.'" Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In this case, because it is clear that Saffold filed his appellate brief within the 30-day time limit, the question is whether the court may treat the brief as a notice of appeal.

The United States Supreme Court has explicitly held "that a document intended to serve as an appellate brief may qualify as the notice of appeal required by Rule 3." Smith v. Barry, 502 U.S. 244, 245 (1992). In so ruling, "[t]he Court reasoned that Federal Rule of Appellate Procedure '3(c) governs the content of notices of appeal,' and that its requirements are to be 'liberally construed.'" Rinaldo v. Corbett, 256 F.3d 1276, 1278

(11th Cir. 2001). Fed. R. App. P. 3(c) requires only that a notice of appeal "(A) specify the party or parties taking the appeal[;] ... (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Thus, "in determining whether a document may be construed as a notice of appeal, [a court] must first ask if 'the litigant's action is the functional equivalent of what ... Rule 3 requires." Rinaldo, 256 F.3d at 1278-79 (emphasis added).

"Barry [also] illuminates ... an intent component." Id. at 1279. "[T]he Court note[d] that 'a notice of appeal must specifically indicate the litigant's intent to seek appellate review, as the purpose of this requirement is to ensure that the filing provides sufficient notice to other parties and the courts.'" Id. (citation omitted). "Thus, the touchstone of Rule 3's intent prong is 'the notice afforded by the document, not the litigant's motivation in filing it.'" Id.

The court finds that Saffold's appellate brief contains the functional equivalent of what Rule 3(c) requires. The heading of the brief clearly identifies Saffold as the 'appellant,' and thus "specif[ies] the party ... taking the appeal." Fed. R. App. P. 3(c)(1)(A). The opening paragraph indicates that his petition for writ of habeas corpus was denied March 26, 2010. This statement is sufficient to "designate the judgment ... being appealed." Fed. R. App. P. 3(c)(1)(B). The brief does not identify the Eleventh Circuit Court of Appeals as "the court to which the appeal is taken." Fed. R. App. P. 3(c)(1)(C). But this failure is not fatal, as the Eleventh Circuit is the only court of appeals where appellate review of his claim is available and thus this information is implicitly provided by the brief. See Barret v. United States, 105 F.3d 793, 796 (2nd Cir. 1996) ("[A]lthough Barrett failed to specify this court as that to which he was taking his appeal, review of the district court's order could be had

only in this court."); McLemore v. Landry, 898 F.2d 996, 999 (5th Cir. 1990) (The "intent to appeal to this court is made manifest by the fact that this is the only court to which an appeal may be had."); 20 James Wm. Moore, et al., Moore's Federal Practice ¶ 303.21(3)(d) (3d ed. 2009) ("[A] mistake in designating the court will not deprive the appellate court of jurisdiction to hear the appeal, if the district court appears in the caption, and it is obvious which appellate court has jurisdiction.").

The court also finds that Saffold's appellate brief provides sufficient notice of his intent to appeal. As noted above, the document identifies Saffold as the "appellant," while in earlier filings he identified himself as "petitioner"; it is titled "Appellant's Brief and Arguments in Support of the Denial of Appellant's Petition for Writ of Habeas Corpus"; its opening sentence states, "Saffold ... submits his Appellant brief with arguments in support of his petition for writ of habeas corpus ... which was denied March 26, 2010"; and the brief

does not otherwise appear to be directed to this trial court, for it is does not seek reconsideration of any arguments but rather puts forward the arguments anew.  The evidence is clear that the brief is directed to an appellate court.

***

For the foregoing reasons, it is ORDERED that petitioner Eric Saffold's motion to treat his appellant brief as a notice of appeal (doc. no. 16) is granted and said brief (doc. no. 15) is treated as a notice of appeal.

DONE, this the 17th day of May, 2010.

                                  <u>   /s/ Myron H. Thompson   </u>
                                  **UNITED STATES DISTRICT JUDGE**